## STATE COURT OF APPEALS—Continued

No. 405
BUDD v. KLAISS et
Ohio Appeals, 6th Dist., Lucas Co.
No. 1512.   Decided Feb. 2, 1925.
1271. WILLS—A limitation over, on a fee simple devise, is void for repugnancy.
YOUNG, J.

This case grows out of an action in petition brought in the Lucas common pleas, which necessitated a construction of the wording of the last will and testament of Joseph Klaiss, deceased. The common pleas rendered judgment in favor of the devisee, Christiana Klaiss. The case was taken up on appeal and the agreed statement of facts show that the wording in question was:

"I give and devise to my wife, Christiana Klaiss, all my property, real and personal, of every character whatsoever, absolutely." This was followed by a clause which created a limitation over to three children at Christiana Klaiss's death. Wm. Budd contended that by reason of this second item the wife was devised a life estate, and not a fee simple.

The court of Appeals held:

When by the terms of a will a fee is clearly given, a limitation over of the remainder is void as inconsistent with the fee granted.

Attorneys—Stahl and Price, Toledo, True & Crawford, Port Clinton, for Budd; George C. Bryce, Toledo, for Klaiss.

---

No. 406
LEVY v. STEELE
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 5851.   Decided Jan. 12, 1925.
829. NEGLIGENCE—A druggist is not an insurer; but is liable only for ordinary care as exercised by any prudent druggist.
VICKERY, J.

Florence Steele brought an action in the Cuyahoga common pleas for injuries resulting to her by reason of an employe of Samuel Levy, d. b. a. Levy Drug Co., selling and delivering to her, as she claimed a bottle containing denatured alcohol when she asked for citrate of magnesia. At the trial she recovered a judgment for $5,000. Levy brings this proceeding in error.

Levy contends that the alcohol was not sold to Steele by mistake, but that she took it by mistake; because the magnesia is put up by the manufacturers in bottles then sold to customers. The druggist does not have to fill the bottles. Mrs. Steele claims that she put the bottle on a ledge and upon arising the next morning at an early hour, she did not even unwrap the bottle, she poured the liquid into a glass and, due to a bad cold, her sense of taste and smell were lost and she drank half a glass before she discovered that something was wrong. Levy also contends that the court in charging the jury did so imposing upon Levy a higher degree of care than was necessary. The court of appeals held:

1. If the druggist filled the bottles of citrate of magnesia from the bulk when it was called for, there might be some corroborating circumstances to support Mrs. Steele. It seems that inadvertently she picked up the wrong bottle, whereas she thought she had a citrate of magnesia bottle.

2. The court held the druggist to too high a degree of care. The degree of care to be used is ordinary care, that is such care as druggists of ordinary prudence would exercise under like or similar circumstances which is of course, a high degree of care, but it is still ordinary care and a druggist is not an insurer.

Because the judgment is contrary to the weight of the evidence and because of the erroneous charge of the court, the judgment is reversed and remanded.

Attorneys—Stern, Rocker & Schwartz, for Levy; Francis J. Cook and Grover C. Hosford, for Steele; all of Cleveland.